**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
ROCKFORD DIVISION**

| | | |
|---|---|---|
| OTIS HACKETT, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 3:25-cv-50223 |
| | ) | |
| | ) | Honorable Rebecca R. Pallmeyer |
| v. | ) | |
| | ) | |
| STATE OF ILLINOIS, *et al*., | ) | |
| | ) | |
| Defendants. | ) | |

## HIPAA QUALIFIED PROTECTIVE ORDER

Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure and 45 C.F.R. § 164.512(e)(1), the Court finds good cause for the issuance of a qualified protective order and ORDERS as follows:

1.     The parties and their attorneys are hereby authorized to receive, subpoena, and transmit "protected health information" pertaining to Robert Cobbins to the extent and subject to the conditions outlined herein.

2.     For the purposes of this qualified protective order (this "Order"), the phrase "protected health information" shall have the same scope and definition as set forth in 45 C.F.R. §§ 160.103 and 164.501.  Accordingly, protected health information includes, but is not limited to, health information, including demographic information, relating to either (a) the past, present, or future physical or mental condition of an individual, (b) the provision of care to an individual, or (c) the payment for care provided to an individual, which identifies the individual or which reasonably could be expected to identify the individual.

3.      All "covered entities" (as defined by 45 C.F.R. § 160.103) are hereby authorized to disclose protected health information pertaining to Robert Cobbins to attorneys representing the Plaintiff and Defendants in the above-captioned litigation.

4.      The parties and their attorneys shall be permitted to use or disclose the protected health information of Plaintiff for purposes of prosecuting or defending this action, including any appeals of this case.  This includes, but is not limited to, disclosure by the Parties to their attorneys, and by their attorneys to experts, consultants, court personnel, court reporters, copy services, trial consultants, and other entities or persons involved in the litigation process.

5.      Prior to disclosing Robert Cobbins' protected health information to persons or entities involved in this litigation, counsel shall inform each such person or entity that Robert Cobbins' protected health information may not be used or disclosed for any purpose other than this litigation.  Counsel shall take all reasonable steps to ensure that persons or entities receiving Robert Cobbins' protected health information do not use or disclose such information for any purpose other than this litigation.

6.      Within forty-five (45) days of the conclusion of the litigation, including any appeals, the parties,  and any person or entity in possession of protected health information pertaining to Robert Cobbins' received from counsel pursuant to paragraph four of this Order, shall destroy any and all copies of protected health information pertaining to Robert Cobbins, unless this is contrary to the State Records Act, 5 ILCS 160/1 et seq.; in which case, the documents will be returned to the state agency of origin, except that counsel are not required to secure the return or destruction of protected health information submitted to the court.

7.      This Order does not control or limit the use of protected health information pertaining to Robert Cobbins that comes into the possession of the parties or their attorneys from a source other than a "covered entity," as that term is defined in 45 C.F.R. § 160.103.

8.      Nothing in this Order authorizes counsel for the Defendants to obtain medical records or information through means other than formal discovery requests, subpoenas, depositions, pursuant to a patient authorization, or other lawful process. After providing notice to Plaintiff, the Office of the Illinois Attorney General may obtain medical records or information from the Illinois Department of Corrections through means other than formal discovery requests.

9.      Nothing in this Order shall limit or be construed as limiting the rights or ability of either party to seek further or other protective orders or other orders or relief relating to the discovery process or the use or disclosure of information obtained through the discovery process or otherwise in the course of this litigation.

10.     This Order does not authorize either party to seal court filings or court proceedings. The Court will make a good cause determination for filing under seal if and when the parties seek to file Robert Cobbins' protected health information under seal.


**ENTERED**:


**Dated**: July 16, 2025

_____
**Honorable Rebecca R. Pallmeyer**
**United States District Court Judge**

3