# IN THE U.S. DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# WESTERN DIVISION

| | | |
|---|---|---|
| Otis Hackett, as Independent Administrator of the Estate of Robert Cobbins, | ) ) ) | |
| Plaintiff, | ) ) | No: 3:25-cv-50223 |
| v. | ) ) ) | |
| Officer Matthew Fraley, Officer Brandon Eisenberg, Andrea Tack, Christine Brannon-Dortch, Patrick Horn and the State of Illinois, | ) ) ) ) ) | |
| Defendants. | ) ) ) | Plaintiff demands a jury trial |

## COMPLAINT

NOW COMES Plaintiff, on behalf of all parties after having duly conferred, filing this Report of Planning Meeting.

Meeting: Pursuant to FED. R. CIV. P. 26(f), a meeting was held on July 28, 2025 via telephone and was attended by Sam Harton for plaintiff Otis Hackett and Thomas Daniel Pietryla for all defendants.

**Nature of the Case**: The case involves Section 1983 and Americans with Disabilities Act claims against the State of Illinois and employees thereof. Plaintiff alleges that the defendants knew Mr. Robert Cobbins, an inmate at Dixon Correctional Center, was a substantial risk of suicide but were deliberately

indifferent towards his need for mental health care. Defendants deny these allegations, and some, but not all, Defendants are considering filing a motion to dismiss. Given that these claims were brought pursuant to federal claims, there is federal question jurisdiction pursuant to 28 U.S. Code § 1331.

**Pre-trial Schedule**: The parties jointly propose to the court the following discovery plan:

a. Discovery will be needed on the following subjects: Knowledge of Mr. Cobbins' risk of suicide, acts and or omissions by defendants and other Dixon employees in relation to Mr. Cobbins' risk of suicide, policies and procedures within Dixon Correctional Center related to treatment of mentally ill inmates and suicide precautions, accommodations made for inmates with known disabilities, including mental illness, at Dixon, and damages.

b. Disclosures pursuant to FED. R. CIV. P. 26(a)(1) to be made by September 1, 2025.

c. All discovery to be commenced in time to be completed by March 17, 2026.

d. The parties have discussed discovery of electronically stored information ["ESI"]. The parties acknowledge their obligation to take reasonable and proportionate steps for preserving relevant and discoverable ESI within their possession, custody, or control. The parties acknowledge, further, that requests for ESI, and responses to those requests, must be reasonably

      targeted, clear, and as specific as practicable. The parties intend to confer in more detail about the methodologies by which they will engage in ESI.

  e. The parties expect they will need approximately 10-15 depositions.

  f. Reports from retained experts under Rule 26(a)(2) due:

      a. From plaintiff by April 30, 2026.

      b. From defendant by June 30, 2026.

  g. All potentially dispositive motions should be filed by July 30, 2026. The court will not consider a summary judgment motion until the parties have first discussed settlement. Any motion for summary judgment must be accompanied by a statement signed by lead counsel for both parties certifying that they have engaged in good faith settlement efforts.

**Trial Schedule:** Plaintiff to prepare proposed pretrial order draft by December 4, 2026. Parties to file joint final pretrial order by December 18, 2026.

The case should be ready for trial by January 25, 2027. and at this time is expected to take approximately 7-10 days.

**Settlement:** At least 7 days prior to the Rule 16(b) scheduling conference, plaintiff(s) is directed to make a written settlement demand to the defendants. At least 3 days prior to the scheduling conference defendants is to respond in writing to the plaintiff's settlement demand.

**Consent:** Parties do not consent unanimously to proceed before a Magistrate Judge.

Respectfully Submitted,

/s/ Sam Harton

Sam Harton
ROMANUCCI & BLANDIN
321 N Clark Street, STE 900
Chicago, Illinois 60654
Phone 312-253-8590
Fax     312-458-1004
Email sharton@rblaw.net
