# UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF ILLINOIS
# (ROCKFORD)

| | |
|---|---|
| Otis Hackett,<br><br>    Plaintiff,<br><br>    v.<br><br>State of Illinois, et al.,<br><br>    Defendants. | No. 25-cv-50223<br><br>Hon. Rebecca R. Pallmeyer |

## MOTION TO DISMISS

NOW COME Defendants, State of Illinois, Christine Brannon-Dortch, Patrick Horn, and Andrea Tack ("Defendants") by and through their attorney, Kwame Raoul, Attorney General for the State of Illinois, and pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, hereby submit their motion to dismiss in part Plaintiff's Complaint for failure to state a claim. In support thereof, Defendants state the following:

## BACKGROUND

1. On May 21, 2025, Plaintiff filed his Complaint, naming the State of Illinois, Christine Brannon-Dortch, Patrick Horn, and Andrea Tack as Defendants. ECF No. 1

2. In Plaintiff's Complaint, Plaintiff sued Defendants Brannon-Dortch, Horn, and Tack under 42 U.S.C. § 1983 and the Eighth Amendment, claiming that they are liable only under the theory of "Supervisory Liability." *Id*. P. 12-13.

3. In Plaintiff's Complaint, Plaintiff sued Defendant State of Illinois under the Americans with Disabilities Act ("ADA") and the Rehabilitation Act ("RA"). *Id*. P. 13-16.

## FAILURE TO STATE A CLAIM

4. To survive a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), the complaint need only contain sufficient factual allegations to "'state a claim to relief that is plausible on its face'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In

considering a motion to dismiss for failure to state a claim, a court evaluates the complaint in the light most favorable to the plaintiff, accepting as true all well-pleaded factual allegations and drawing all reasonable inferences in the plaintiff's favor. *AnchorBank, FSB v. Hofer*, 649 F.3d 610, 614 (7th Cir. 2011).

I. **Defendants Brannon-Dortch, Horn, and Tack cannot be sued under 42 U.S.C. § 1983 for supervisory or vicarious liability.**

7. There is no supervisory or vicarious liability under § 1983 and defendants can only be held responsible for "personal acts or decisions". *Shields v. Illinois Dep't of Corr.*, 746 F.3d 782, 789 (7th Cir. 2014); *Vinning-El v. Evans*, 657 F.3d 591, 592 (7th Cir. 2011).

8. Plaintiff labels his claim against Defendants Brannon-Dortch, Horn, and Tack as a "supervisory liability" under § 1983. ECF No. 1, P. 12.

9. *Iqbal* squarely rejected this form of liability under section 1983. 556 U.S. at 677. All of Plaintiff's allegations against these Defendants are premised on generalized and unfounded knowledge of how "officers" and "security staff" routinely ignore inmates during mental health crises. ECF No. 1, ¶¶ 68, 69. Plaintiff never alleges any personal involvement of the Defendants in the events concerning Mr. Cobbins' in the complaint.

10. Plaintiff's claim against these Defendants is simply nonexistent under the law and Plaintiff's allegations are pure speculation based on Defendants' role as managers within the IDOC. *Id*. As such, this claim and the Defendants should be dismissed with prejudice as a matter of law.

II. **The State of Illinois is not the proper party for claims brought under the ADA and RA.**

11. The *only* proper defendant for a claim brought under the ADA and RA is the "relevant state department or agency" or the director of the relevant department or agency in

their official capacity. *Rowling v. Ill. Dep't of Corr.*, 2017 U.S. Dist. LEXIS 16579, at *9 (S.D. Ill. Feb. 6, 2017) (citing *Jaros v. Ill. Dep't of Corr.*, 684 F.3d 667, 670 (7th Cir. 2012)); *Rodesky v. Wexford Health Source, Inc.*, 2020 U.S. Dist. LEXIS 264651, at *8 (C.D. Ill. Aug. 19, 2020) (citing *Hogle v. Baldwin*, 2017 U.S. Dist. LEXIS 150753, at*4 (C.D. Ill. Sep. 18, 2017)).

12. Plaintiff brought two claims under the ADA and RA only against the State of Illinois. ECF No. 1, P. 13-16.

13. The State of Illinois is not a state department or agency nor is it the director of the relevant department or agency sued in their official capacity. Therefore, the State of Illinois should be dismissed as it is not the proper defendant for Plaintiff's claims.

**III.     Plaintiff fails to state claims under the ADA and RA against the State of Illinois.**

14. The standards under the ADA and RA "are functionally identical." *Hilliard v. Mariscal*, 2025 U.S. Dist. LEXIS 32400, at *7 (N.D. Ill. Feb 24, 2025).

15. Failure to state a claim under the ADA means that the plaintiff also fails to state a claim under the RA. *Estate of Crandall v. Godinez*, 2015 U.S. Dist. LEXIS 40950, at *18 (C.D. Ill. Mar. 30, 2015) (citing *Jaros*, 684 F.3d at 671).

16. To state a claim under the ADA and RA, Plaintiff must establish that he: "(1) is a qualified individual with a disability; (2) that he was denied benefit of services, programs, or activities of the public entity or otherwise subjected to discrimination by such an entity; and (3) the denial or discrimination was 'by reason of' his disability." *Hilliard,* 2025 U.S. Dist. LEXIS 32400*,* at *7 (citing *Wagoner v. Lemmon*, 778 F.3d 586, 592 (7th Cir. 2015)).

17. The ADA and RA do not create a remedy for medical malpractice and alleged failure to provide proper mental health treatment to a disabled prisoner does not constitute an ADA violation. *Rowling v. Ill. Dep't of Corr.*, 2019 U.S. Dist. LEXIS 130503, at *16 (S.D. Ill.

May 10, 2019) (citing *Bryant v. Madigan*, 84 F.3d 246, 249 (7th Cir. 1996)). Outright denials of care are actionable (*McDaniel v. Syed*, 115 F.4th 805, 827 (7th Cir. 2024), but when a plaintiff fails to allege denial of any and all mental health services by reason of his disability and when plaintiff's ADA and RA claims are dependent upon claims of improper and inadequate mental health care, the ADA and RA do not provide relief. *Hilliard*, 2025 U.S. Dist. LEXIS 32400, at *11.

      18.    Plaintiff pleads that Mr. Cobbins was "prescribed antipsychotic medications" (ECF No. 1, ¶ 31), and that he "did not have regular mental health appointments, an adequate treatment plan to address his serious mental illness or access to a mental health professional during periods of crisis, such as that which occurred on August 3, 2023." *Id*. ¶ 50. Plaintiff does not state that Mr. Cobbins was completely denied mental health services or any other programs, benefits, or services of the IDOC. Plaintiff pleads that Mr. Cobbins was receiving mental health treatment, that he went to mental health appointments, and that he had a treatment plan. *Id*. Plaintiff characterizes the plan as inadequate and not detailed. Id. ¶¶ 49, 51. Furthermore, Plaintiff does not plead that Mr. Cobbins was denied programs, benefits, or services *by reason of* his serious mental illness.

      20.    Plaintiff's claims under the ADA and RA are attempts to litigate a medical malpractice claim against the State of Illinois for what he considers the inadequate and improper treatment of Mr. Cobbins' mental health. The ADA and RA are improper vehicles for this attempt and Plaintiff is barred from this tactic by law. See *Estate of Crandall*, 2015 U.S. Dist. LEXIS 40950, at *19 (plaintiff's ADA and RA claims dismissed because plaintiff failed to adequately plead inmate was denied access to medical services provided to other inmates by reason of his mental illness and because plaintiff attempted to bring a medical malpractice claim through the

ADA). As a result, Plaintiff fails to state an ADA and RA claim and these claims should be dismissed.

WHEREFORE, for the above and foregoing reasons, Defendants State of Illinois, Brannon-Dortch, Horn, and Tack respectfully request that this honorable Court dismiss Defendants, and dismiss Plaintiff's "Supervisory Liability", ADA, and RA claims with prejudice because Plaintiff can plead no set of plausible facts that would entitle him to relief.

Dated: August 15, 2025

Respectfully Submitted,

Kwame Raoul
Attorney General of Illinois

*/s/ Thomas Pietryla*
Thomas Pietryla
Assistant Attorney General
115 S. LaSalle St.
Chicago, IL 60603
217-720-9690
thomas.pietryla@ilag.gov