**IN THE U.S. DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**WESTERN DIVISION**

| | | |
|---|---|---|
| Otis Hackett, as Independent Administrator ) | | |
| of the Estate of Robert Cobbins, ) | | |
| ) | | |
| Plaintiff, ) | No: 3:25-cv-50223 | |
| ) | | |
| v. ) | | |
| ) | | |
| Officer Matthew Fraley, et al ) | | |
| ) | | |
| Defendants. ) | | |
| ) | | |

**MOTION FOR EXTENSION OF DISCOVERY DEADLINES**

NOW COMES Plaintiff, requesting an extension of discovery in the above captioned matter. This matter arises out of the suicide of Mr. Robert Cobbins in Dixon Correctional Center. Plaintiff alleges that Defendant Brandon Eisenberg was deliberately indifferent to Mr. Cobbins by failing to implement suicide precautions when Mr. Cobbins explicitly told him he was suicidal. Plaintiff alleges that Mr. Fraley was similarly deliberately indifferent by failing to conduct the required security checks of the unit where Mr. Cobbins was housed.

Discovery in this case is set to close on July 10. Due to discovery delays by the Defendants and their employer and ultimate indemnifier, the IDOC, there remains work to be done that cannot be completed by that date. An extension is necessary to cure the prejudice that conduct has caused.

*Otis Hackett as Independent Administrator of the Estate of Robert Cobbins v. Fraley, et al.*
Motion for Extension of Discovery Deadlines

**A. The improper delays caused by the IDOC should be imputed on Defendants Fraley and Eisenberg.**

As a threshold matter, Plaintiff notes that Defendants Fraley and Eisenberg are responsible for the delays necessitating the requested extension, although some of the conduct which Plaintiff grieves herein was technically committed by the Illinois Department of Corrections (IDOC), who is not a defendant in this case. Defendants have previously attempted to draw a line between their discovery obligations and that of the IDOC's, but that line has proven to be an arbitrary one.

When Defendants Fraley and Eisenberg responded to Plaintiff's initial discovery requests, which were served in August of 2025, they produced video surveillance footage of the cell block housing Mr. Cobbins at the time of his death; IDOC administrative directives; the full Illinois State Police investigation of the incident; IDOC staffing rosters from the date of Mr. Cobbins's death; autopsy photographs; records related to Mr. Cobbins's incarceration like his call pass log, movement history, discipline history, housing assignment history, and transfer history; Fraley and Eisenberg's IDOC personnel records; and Mr. Cobbins's mental health progress notes created by employees of IDOC's medical contractor. These are obviously records that came from IDOC, not from Fraley and Eisenberg's personal files. At the time they responded to those August 2025 discovery requests, Defendants had a duty to conduct a reasonable inquiry into the records in their custody—which evidently included IDOC's records—and provide complete responses. As explained *infra*, Defendants instead chose to selectively produce the aforementioned

*Otis Hackett as Independent Administrator of the Estate of Robert Cobbins v. Fraley, et al.*
Motion for Extension of Discovery Deadlines

2

documents, withhold others until Plaintiff enforced a subpoena against the IDOC, and claim they could not provide supplemental production because they did not "personally possess, control, or have access to" certain documents that were in the IDOC's control. See e.g. Ex. 1, Defendants' Response to Plaintiff's Second Request for Production.

Any further attempt to distinguish the IDOC's conduct from Defendants' is contradicted by the obvious shared interests and common representation of the two. The only reason that the State is not itself a Defendant in this lawsuit is because such entities cannot be defendants in a Section 1983 lawsuit nor be held vicariously liable. Illinois law, however, requires the State to indemnify the individual Defendants for any judgment against them, so any judgment against the Defendants will, ultimately be paid by the state, i.e. the IDOC. 5 ILCS 350/2(d). Illinois law requires the Attorney General to represent the IDOC and its employees, such as the Defendants. ILCS 350/2(a) (representation of state employees); Ill. Const. art. 5, § 15 ("The Attorney General shall be the legal officer of the State"). Indeed, each time the IDOC has been subpoenaed in this case, the AG's office has initially claimed not to represent the IDOC in responding, required Plaintiff to personally serve the IDOC, only to ultimately represent the IDOC in every stage of this litigation. Put simply, any untoward discovery conduct committed by the IDOC that benefits the agency also benefits the Defendant employees, and it would be absurd to suggest otherwise. *See Johns v. Gwinn,* 503 F. Supp. 3d 452 (W.D. Va. 2020) (not imputing a correctional

*Otis Hackett as Independent Administrator of the Estate of Robert Cobbins v. Fraley, et al.*
Motion for Extension of Discovery Deadlines

3

agency's spoliation onto individual correctional officer defendants would lead to "absurd results").

### B. The conduct of Defendants and the IDOC has caused significant delay in this case.

This Court has already had to address Defendants and IDOC's discovery deficiencies. See ECF 55, Plaintiff's Motion to Compel; ECF 56, Order Granting Plaintiff's Motion to Compel. There, Plaintiff personally served IDOC and its staff with subpoenas on February 6, 2026. Those subpoenas went unanswered for weeks. The Office of the Attorney General (AG) initially represented to Plaintiff that it would not represent IDOC in response to the document subpoena, despite representing IDOC's individual employees in connection with the same litigation and representing the IDOC in response to the Rule 30(b)(6) deposition notice.[1] IDOC took no steps to indicate it was gathering responsive records—not even a status update—until Plaintiff moved to compel. Only at the hearing on that motion did the Attorney General's office advise the Court that it would, after all, represent IDOC in response to the records subpoena. The Court ordered IDOC to produce the records, and IDOC produced its first batch on April 3, 2026.

Then, after conferring on ESI search terms, IDOC produced another batch of records on June 17, 2026. This batch contained over 5,000 pages of discovery, many of which were obviously responsive to Plaintiff's initial discovery requests he

---

[1] The AG's Office also initially claimed it did not represent the IDOC in responding to the 30(b)(6) subpoena. It was these representations by the AG's Office that led to personally serving the IDOC in the first place.

*Otis Hackett as Independent Administrator of the Estate of Robert Cobbins v. Fraley, et al.*
Motion for Extension of Discovery Deadlines

propounded on Defendants in August 2025. Among those they failed to produce until June 17 are records central to Plaintiff's claims, including the disposition of a grievance Defendant Fraley submitted regarding discipline imposed for his role in Mr. Cobbins's death, an Administrative Review by Dixon's Psychologist Administrator describing facts attendant to the incident and Mr. Cobbins' mental health care, and a letter characterizing Fraley's conduct as a "blatant violation" of IDOC directives.

Plaintiff's counsel continues to make efforts to sift through this dense production by the close of discovery but has already identified at least one important witness—Echo Beekman—not previously disclosed. This witness signed a disposition of a grievance filed by Officer Fraley in relation to his termination, which resulted from his conduct on the day of Mr. Cobbins' death. Ex. 2, Beekman Report. The document describes a hearing in which Officer Fraley's lieutenant, Dallas Thielen, provided statements supporting the defense that Fraley missed his required rounds because he was busy looking for an inmate who had gone missing. It also includes personal impressions from Mr. Beekman on why he believed the story about the missing inmate to be unpersuasive, supporting his decision to deny Officer Fraley's grievance. Interestingly, on April 3, 2026, Defendants responded to Plaintiff's Supplemental Request for Production No. 62:

> 62. Any documents related to the disappearance of the inmate who Officer Fraley alleges was unaccounted for on Housing Unit 43 between approximately 3:03 p.m. and 3:59 p.m. This includes any documents which were or should have been used to document his movement to the chapel,

*Otis Hackett as Independent Administrator of the Estate of Robert Cobbins v. Fraley, et al.*
Motion for Extension of Discovery Deadlines

documents which were or should have been used in approving his movement to the chapel or other areas outside Housing Unit 43, and any documents related to the investigation of his disappearance, and related incident reports.

RESPONSE: Objection. This request is vague, improperly requests information in a request for production, and calls for speculation. This request is vague as to "disappearance" and "related to" as Plaintiff has not adequately defined "related to." The request is also vague and confusing as to "documents which were or should have been used" because the use of "or" makes it vague as to which option the Defendants are supposed to respond to. This request improperly asks for information instead of the production of tangible objects by requesting documents that "should have been used"; the provision of documents responsive to the request as written would require testimony concerning whether a document was used or should have been used. This request also calls for speculation from the Defendants as to the actions of other individuals who "used" documents and as to what documents those individuals should have used, when they have no knowledge of what those individuals did. Without waiving these objections, **Defendants Fraley and Eisenberg do not personally possess, control, or have access to documents responsive to this request.**

Ex. 1 (emphasis added). This response came on the same day that IDOC partially produced documents responsive to Plaintiff's subpoena, by and through the same counsel. Yet, Plaintiff did not know about the Beekman report, and had not received other important and responsive records, until June 17.

Setting aside the fact that this document was responsive to Plaintiff's initial discovery requests *and* supplemental discovery requests, which Defendants had access to via the IDOC, Plaintiff needs to take the deposition of Mr. Beekman. Plaintiff presumes that the AG's office will initially deny representation and require

*Otis Hackett as Independent Administrator of the Estate of Robert Cobbins v. Fraley, et al.*
Motion for Extension of Discovery Deadlines

Plaintiff to locate the address of and personally serve Mr. Beekman, then schedule his deposition after Mr. Beekman has had the opportunity to formally request representation from the AG's office. This appears to be the bureaucratic process of the AG and IDOC. In other words, it will take time to schedule this important deposition.

The deficient handling of the Rule 30(b)(6) subpoena has caused similar prejudice. Plaintiff's notice of the 30(b0(6) deposition was accompanied by a rider that outlined multiple topics for the deposition. IDOC designated Lieutenant Randi Bontz to testify on Topic 6 (Training), and that deposition proceeded on June 29, 2026. Early in that deposition, however, it became apparent that Lieutenant Bontz was not prepared to testify about policies, procedures, or customs in effect prior to 2025, even though Mr. Cobbins died in August 2023. That witness testified she could not speak to the training officers received in the year prior to Mr. Cobbins' death. She even said she did not understand why she had been selected to testify in this matter. Plaintiff's counsel was forced to conclude the deposition early. IDOC, again represented by AG's Office, designated a witness incapable of offering relevant, let alone admissible, testimony on the operative training regime has left a deposition topic effectively unaddressed. Now, IDOC and Defendants' counsel must identify a new designee, and the parties must schedule a new deposition.

Also on June 29, Plaintiff took the deposition of Mr. Will Bruno, who had been designated to testify on Topics 2 (Monitoring of Inmates) and 3 (Staffing) of the 30(b)(6) notice. Plaintiff learned at the end of Mr. Bruno's deposition about the

*Otis Hackett as Independent Administrator of the Estate of Robert Cobbins v. Fraley, et al.*
Motion for Extension of Discovery Deadlines

existence of "post descriptions" which he testified were documents describing the roles and responsibilities attendant to each post at Dixon, including the Floor Officer and Control Officer posts for Special Treatment Centers (STC). On the day of Mr. Cobbins' death, he was housed in the STC's Unit 43, where Fraley and Eisenberg were Floor and Control officers, respectively. Mr. Bruno testified that these post descriptions specifically address the process by which officers complete thirty-minute wing checks in the STC. Importantly, it is undisputed that Defendant Fraley missed at least two of his required wing checks in the half hour before Mr. Cobbins was found dead in his cell, and one of his defenses has been that he did not understand monitoring protocol at the time he missed the checks. These documents were never produced, despite falling squarely within the scope of Plaintiff's initial and supplemental discovery requests to Defendants, which asked for documents concerning Defendants' roles and responsibilities as well as those governing or relating to security checks and rounds at Dixon. Because Defendants had not produced the post descriptions at the appropriate time, Plaintiff was deprived of the opportunity to test Fraley's understanding of the protocols described therein. Counsel for IDOC and Defendants has advised that he submitted a request for the IDOC to provide these records and awaits their disclosure. The contents of such records are directly relevant to the Defendants knowledge at the time of their alleged unconstitutional conduct, and once Plaintiff receives them, his counsel will need to decide how to proceed, depending on their contents.

*Otis Hackett as Independent Administrator of the Estate of Robert Cobbins v. Fraley, et al.*
Motion for Extension of Discovery Deadlines

8

### C. Plaintiff proposes a reasonable, amended discovery schedule that limits further prejudice.

Each of these failures—the delay in subpoena compliance, the eleventh-hour production of several records that should have been produced earlier, the designation of a Rule 30(b)(6) witness incapable of testifying to the relevant period, and the continued failure to produce responsive documents discovered only through deposition testimony—has prevented Plaintiff from completing discovery. The fact that so much work remains to be done as the parties approach the discovery deadline is attributable to Defendants and IDOC, not to any lack of diligence by Plaintiff. An extension is required to allow the parties to complete the outstanding tasks. The current discovery schedule is as follows:

1. Fact discovery shall be commenced in time to be complete by July 10, 2026.
2. Plaintiff will disclose experts by August 7, 2026.
3. Defendants will disclose experts by September 4, 2026.
4. Dispositive motions, if any, will be filed on October 1, 2026. Absent filing of such motions, Plaintiff will prepare a draft of the final pretrial order by November 2,2025, and the parties will file their joint final pretrial order by December 1, 2026.
5. If dispositive motions are filed, Plaintiff will prepare a draft of the final pretrial order 14 days after the court rules, if such motion is denied. Joint final pretrial order will be due 14 days later.
6. Trial is set for February 8, 2027

Unfortunately, Plaintiff does not see any way to preserve the current trial date.

Accordingly, Plaintiff respectfully requests the Court enter the following schedule:

1. Fact discovery shall be commenced in time to be complete by September 4, 2026.

*Otis Hackett as Independent Administrator of the Estate of Robert Cobbins v. Fraley, et al.*
Motion for Extension of Discovery Deadlines

9

2. Plaintiff will disclose experts by October 1, 2026.

3. Defendants will disclose experts by November 2, 2026.

4. Dispositive motions, if any, will be filed on November 2, 2026.[2] Absent filing of such motions, Plaintiff will prepare a draft of the final pretrial order by December 4, 2026, and the parties will file their joint final pretrial order by December 18, 2026.

5. If dispositive motions are filed, Plaintiff will prepare a draft of the final pretrial order 14 days after the court rules, if such motion is denied. Joint final pretrial order will be due 14 days later.

6. Trial is set for March 8, 2027.[3]

This schedule requires only a slight amendment to the trial date. A March trial date allows the parties to shift the discovery schedule appropriately without requiring a lengthy continuance, which would further compound the prejudice Plaintiff has already suffered. **Defendants do not oppose the proposed schedule** but oppose the substance of this motion. Plaintiff believed it was important to explain the full context of the discovery delays to the Court due to the request for a new trial date. Plaintiff respectfully requests that the Court grant this motion and enter the foregoing schedule.

Respectfully Submitted,

/s/ Sam Harton

---

[2] There is no prejudice to having defense experts be disclosed on the same day that dispositive motions are filed. Plaintiff does not intend to file a dispositive motion. If Defendants intend to file a dispositive motion, their own experts cannot destroy any question of fact that would preclude summary judgment. To the extent such a schedule is inconvenient to the Defendants, that is not a reason to deny a proposed amended discovery schedule that is only necessary because of *Defendants'* conduct during discovery.

[3] Plaintiff is available for a trial set any time during March or the first week of April. Plaintiff's counsel has a trial in the Southern District of Illinois on May 3, 2027, and the pretrial conference is scheduled for April 20, 2027, making an April or May trial date unavailable.

*Otis Hackett as Independent Administrator of the Estate of Robert Cobbins v. Fraley, et al.*
Motion for Extension of Discovery Deadlines

10

Sam Harton
Benjamin Berkman
ROMANUCCI & BLANDIN
321 N Clark Street, STE 900
Chicago, Illinois 60654
Phone 312-253-8590
Email sharton@rblaw.net

*Otis Hackett as Independent Administrator of the Estate of Robert Cobbins v. Fraley, et al.*
Motion for Extension of Discovery Deadlines