**UNITED STATES DISTRICT COURT FOR THE**
**NORTHERN DISTRICT OF ILLINOIS**
**(ROCKFORD)**

| | |
|---|---|
| Otis Hackett, | |
| Plaintiff, | No. 25-cv-50223 |
| v. | Hon. Rebecca R. Pallmeyer |
| Matthew Fraley, et al., | |
| Defendants. | |

**DEFENDANT FRALEY AND EISENBERG'S RESPONSE TO PLAINTIFF'S SECOND**
**REQUEST FOR PRODUCTION**

Defendants Matthew Fraley and Brandon Eisenberg ("Defendants"), by and through their

attorney, Kwame Raoul, Attorney General of Illinois, hereby respond to Plaintiff's Second

Request for Production as follows:

**REQUESTS FOR DOCUMENTS**

55. Any and all "Call Pass Sheets," as referenced by Officer Matthew Fraley in his deposition (p. 107), that were created, edited, or used in Housing Unit 43 on August 3, 2023.

**RESPONSE: Defendants Fraley and Eisenberg do not personally possess, control, or have access to any Call Pass Sheets created, edited, or used in Housing Unit 43 on August 3, 2023.**

**Defendants direct Plaintiff to the documents produced by subpoena from the IDOC at 25cv50223 Hackett v Fraley 002018-002022.**

56. Any and all photographs or video footage depicting the control desk or "bubble" in Housing Unit 43 on August 3, 2023.

**RESPONSE: Defendants Fraley and Eisenberg do not personally possess, control, or have access to any photographs or video footage responsive to this request.**

57. Any and all photographs or video footage depicting any hallway or room adjacent to the control desk or "bubble" in Housing Unit 43 on August 3, 2023.

**RESPONSE: Defendants Fraley and Eisenberg do not personally possess, control, or have access to any photographs or video footage responsive to this request.**

58. Any and all photographs or video footage depicting the north hall of Housing Unit 43 on August 3, 2023.

**RESPONSE: Defendants Fraley and Eisenberg do not personally possess, control, or have access to any photographs or video footage responsive to this request.**

59. Any and all photographs or video footage depicting the south hall of Housing Unit 43 on August 3, 2023.

**RESPONSE: Defendants Fraley and Eisenberg do not personally possess, control, or have access to any photographs or video footage responsive to this request.**

60. Any and all documents created, edited, or used by Hannah Smith, Hannah Stacy, Hannah Stacey, Brandon Eisenberg, or any other officer at the control desk of Housing Unit 43 on August 3, 2023.

**RESPONSE: Objection. This request for production calls for speculation as to the conduct of individuals (Hannah Smith, Hannah Stacy, Hannah Stacey, or any other officer) of which the Defendants have no personal knowledge. Defendants Fraley and Eisenberg do not personally possess, control, or have access to documents created, edited, or used by Hannah Smith, Hannah Stacy, Hannah Stacey, Brandon Eisenberg, or any other officer at the control desk of Housing Unit 43 on August 3, 2023.**

**Defendants direct Plaintiff to the documents produced by subpoena to the IDOC at 25cv50223 Hackett v Fraley 002018-002019.**

61. Any documents sufficient to identify the inmate who Officer Fraley alleges was unaccounted for on Housing Unit 43 between approximately 3:03 p.m. and 3:59 p.m.

**RESPONSE: Objection. This request is vague as to the meaning of "sufficient." Without waiving these objections, Defendants Fraley and Eisenberg do not personally possess, control, or have access to documents responsive to this vague request.**

62. Any documents related to the disappearance of the inmate who Officer Fraley alleges was unaccounted for on Housing Unit 43 between approximately 3:03 p.m. and 3:59 p.m. This includes any documents which were or should have been used to document his movement to the chapel, documents which were or should have been used in approving his movement to the chapel or other areas outside Housing Unit 43, and any documents related to the investigation of his disappearance, and related incident reports.

**RESPONSE: Objection. This request is vague, improperly requests information in a request for production, and calls for speculation. This request is vague as to "disappearance" and "related to" as Plaintiff has not adequately defined "related to." The request is also vague and confusing as to "documents which were or should have been used" because the use of "or" makes it vague as to which option the Defendants are**

**supposed to respond to. This request improperly asks for information instead of the production of tangible objects by requesting documents that "should have been used"; the provision of documents responsive to the request as written would require testimony concerning whether a document was used or should have been used. This request also calls for speculation from the Defendants as to the actions of other individuals who "used" documents and as to what documents those individuals should have used, when they have no knowledge of what those individuals did. Without waiving these objections, Defendants Fraley and Eisenberg do not personally possess, control, or have access to documents responsive to this request.**

63. Any of the "paperwork" in Housing Unit 43 which was kept at the control desk then picked up by a "van," as described by Officer Matthew Fraley in his deposition (pp. 50-51), on August 3, 2023.

**RESPONSE: Defendants Fraley and Eisenberg do not personally possess, control, or have access to any documents responsive to this request.**

64. Any diagrams, maps, or other documents sufficient to depict Housing Unit 43.

**RESPONSE: Defendants Fraley and Eisenberg do not personally possess, control, or have access to any documents responsive to this request.**

65. Any diagrams, maps, or other documents sufficient to depict Dixon Correctional Center, including the Chapel and Housing Unit 43.

**RESPONSE: Defendants Fraley and Eisenberg do not personally possess, control, or have access to any documents responsive to this request.**

66. Any documents used to document security checks, institutional rounds, formal counts, informal counts, gallery checks, or skin counts completed on August 3, 2023. This should include the "Count Sheet" referred to by Officer Fraley in his deposition (pp. 50-52) and the documents which Exhibit 2 to Officer Fraley's deposition depicts Officer Fraley holding as he conducts counts in Housing Unit 43.

**RESPONSE: Defendants Fraley and Eisenberg do not personally possess, control, or have access to any documents responsive to this request.**

**Defendants direct Plaintiff to the documents produced by subpoena to the IDOC at 25cv50223 Hackett v Fraley 000195 and 002018-002022.**

67. Housing Unit 43's Handcuff Log from August 3, 2023, as referenced in Officer Fraley's Deposition (p. 129).

**RESPONSE: Defendants Fraley and Eisenberg do not personally possess, control, or have access to any documents responsive to this request.**

68. Housing Unit 43's Tool Inventory from August 3, 2023, as referenced in Officer Fraley's Deposition (p. 129).

**RESPONSE: Defendants Fraley and Eisenberg do not personally possess, control, or have access to any documents responsive to this request.**

69. Housing Unit 43's Security Inspection from August 3, 2023, as referenced in Officer Fraley's Deposition (p. 129).

**RESPONSE: Defendants Fraley and Eisenberg do not personally possess, control, or have access to any documents responsive to this request.**

70. Documents sufficient to identify the type, make, model, and locations of any surveillance cameras, video cameras, or recording devices, or other audio or video surveillance technologies in use at Dixon on August 3, 2023. This includes the locations of Housing Unit 43 and any buildings in which Sergeant Koltz, Lieutenant Thielen, Officer Fraley, and Officer Eisenberg were present on August 3, 2023.

**RESPONSE: Objection. This request is vague, overly broad, and calls for speculation. This request is vague as to the meaning of "sufficient", for the Defendants cannot determine what the Plaintiff subjectively believes is a sufficient document. This request is overly broad as it requests documents related to all cameras present in all buildings in which four individuals were present over the course of two shifts with no restrictions on time. This request calls for speculation as to the locations of Sergeant Koltz and Lieutenant Thielen throughout the entire day of August 3, 2023, which is beyond the personal knowledge of Defendants Fraley and Eisenberg.**

**Without waiving these objections, Defendants Fraley and Eisenberg do not personally possess, control, or have access to any documents responsive to this request.**

71. Any and all retention schedules or other policies, procedures, or other documents related to the preservation or disposition of video footage, audio footage, or any other type of document or communication between August 3, 2023, and the present.

**RESPONSE: Objection. This request is vague and confusing. This request is vague in its construction when it requests "any other type of document or communication between August 3, 2023, and the present"; it is confusing how this clause relates to or qualifies the preceding parts of the sentence.**

**Without waiving these objections, Defendants direct Plaintiff to the documents produced by subpoena to the IDOC at 25cv50223 Hackett v Fraley 002023-002025, 002034-002047, and 002081-002085.**

72. Any and all documents or communications related to the preservation or disposition of video footage, audio footage, or any other document or communication related to the Incident.

**RESPONSE: Objection. This request is duplicative and an improper ESI request. This request is duplicative of Request 72, which asks for all documents "related to the preservation or disposition of video footage, audio footage, or any other type of document or communication between August 3, 2023 and the present." This request asks for the same thing as the "Incident" occurred on August 3, 2023. This request is also an improper ESI request as it requests electronically stored information without providing any ESI protocol, search terms, or time period for the search(es) of Defendants' electronic communications. Without waiving these objections, Defendants Fraley and Eisenberg do not personally possess any documents or communications related to the preservation or disposition of videos, audio recordings, or other documents.**

73. Any and all documents related to the incident in which an "Officer Kavanaugh" failed to conduct rounds at Dixon and was investigated and/or disciplined, as referenced in Officer Fraley's deposition (pp. 156).

**RESPONSE: Defendants Fraley and Eisenberg do not personally possess, control, or have access to documents responsive to this request.**

74. Defendants have produced a document related to IDOC's officer training labeled "25cv50223 Hackett v Fraley 002006" which states that "Each correctional facility shall establish a written procedure for conducting Individual in Custody counts." Please produce any and all documents reflecting a written policy or procedure for conducting Individual in Custody counts at Dixon Correctional Center, Dixon Correctional Center's Special Treatment Units, and Dixon Correctional Centers Housing Unit 43.

**RESPONSE: Defendants Fraley and Eisenberg direct Plaintiff to documents produced by the IDOC in response to Plaintiff's subpoena at 25cv50223 Hackett v Fraley 002128-002130.**

75. Any and all policies or procedures that apply to Dixon's Special Treatment Units, including Housing Unit 43.

**RESPONSE: Objection. This request is vague as to "apply" as many policies and procedures apply to special treatment units as they do to other units at Dixon. It is not clear whether Plaintiff is asking for policies and procedures that specifically concern the special treatment units or that concern the special treatment units and any other housing units at Dixon. As constructed this request is overly broad,  unduly burdensome, and disproportionate because it requests all policies and procedures from the IDOC and Dixon that the special treatment units are subject to, regardless of the relevance to this case. The request is overly broad because it asks for policies and procedures that the special treatment units are currently subject to, not for policies and procedures in effect on August 3, 2023.**

76. Any and all documents used to train officers on their duties as related to Dixon's Special Treatment Units, including Housing Unit 43.

**RESPONSE: Defendants Fraley and Eisenberg direct Plaintiff to previously produced training materials at 25cv50223 Hackett v Fraley 001816-002017 as responsive to this request.**

77. Documents sufficient to show the number of inmates housed in Housing Unit 43 on August 3, 2023.

**RESPONSE: Objection. This request is vague as to the meaning of "sufficient", for the Defendants cannot determine what the Plaintiff subjectively believes is a sufficient document. Without waiving these objections, Defendants Fraley and Eisenberg do not personally possess, control, or have access to documents responsive to this request.**

78. Please produce any and all documents supporting and/or relating to Officer Fraley's contention that other personnel at Dixon 1) failed to complete their security checks or institutional rounds and 2) were disciplined for their failure to conduct those checks and rounds.

**RESPONSE: Defendants Fraley and Eisenberg do not personally possess, control, or have access to any documents responsive to this request.**

Dated: April 3, 2026

Respectfully Submitted,

KWAME RAOUL
Attorney General of Illinois

*By:*    _s/Thomas Pietryla_____
THOMAS PIETRYLA
Assistant Attorney General
General Law Bureau
115 S. LaSalle St.
Chicago, Illinois 60603
(217) 720-9690
thomas.pietryla@ilag.gov