25cv50223 Hackett v Fraley 005217



J.B. Pritzker
Governor

Latoya Hughes
Acting Director

## The Illinois Department of Corrections

1301 Concordia Court, P.O. Box 19277 • Springfield, IL 62794-9277 • (217) 558-2200 TDD: (800) 526-0844

---

**Grievance Number: 572312**

**June 12, 2024**

**Grievant Name:**   **Fraley, Matthew**

(Date of Hearing)

**Location/Facility:**   **Dixon Correctional Center**

---

AFSCME Council 31 is grieving the discharge of Correctional Officer Matthew Fraley.  Fraley was placed on suspension pending discharge effective 4/12/2024 and subsequently discharged effective 5/6/2024 for violations of AD 03.02.108 – Standards of Conduct, DR120.30 – Conduct of Individuals, DR 120.40 Compliance with Laws and Regulations, DR 120.95 Giving False Information, and DR 120.100- Violation of Rules.

**Incident Summary:**
While working the Housing Unit 43 Floor Officer post on 8/3/2023 during the 3:00pm – 11:00pm shift at Dixon Correctional Center, CO Matthew Fraley, at approximately 3:59pm while distributing meal trays, discovered Individual in Custody Robert Cobbins hanging from a ligature affixed to the bed frame in his assigned cell and unresponsive. CO Fraley called a Code 3 (medical emergency). Responding staff arrived and lifesaving measures were initiated until EMS arrived. Individual Cobbins was pronounced deceased at 4:24pm. Cobbins cause of death was recorded as asphyxia due to hanging.

Investigation C23-DIX-203 substantiated that CO Fraley falsified the Daily Activity Log stating that he had completed a 30-minute wing check at 3:30pm. As outlined in the investigation, video footage of the gallery obtained by the investigator shows Fraley on the wing between 3:03pm and 3:06pm and then again at 3:56pm. Video footage shows Individual Cobbins tying a bedsheet to the upper bunk rail and around his neck and lowering himself below the observation window between 3:36pm – 3:44pm.

**Employee Background:**
Matthew Fraley has been employed with IDOC as a Correctional Officer since 7/18/2022. Fraley has no previous discipline on his record.

**Third Level Grievance Hearing:**
The Third (3rd) Level Grievance Hearing was held 6/12/2024 via Webex. The Grievant was present and represented by Rob Fanti, AFSCME Council 31 Staff Representative and testimony was given by Dallas Theilen, Lieutenant at Dixon Correctional Center.

Mr. Fanti noted for the record that the investigation on this incident started last year. Since that time the Union has requested to view the video, but the video provided has continually been unviewable. Additionally, Eric McCubbin (Local 817 President) attempted to view the video footage at the pre-disciplinary meeting and again at the facility with Internal Affairs with both attempts being unsuccessful. Mr. Fanti noted it has been three (3) months since then and a viewable video has yet to be produced by the State and that the Union feels that this video footage is important as they believe it will clear CO Fraley of the charges that led to his termination. The Union believes that the 50-minute timeline (Fraley on video at 3:03pm until discovery of Individual Cobbins at 3:46p), Fraley was on the floor performing his duties. However, they are unable to demonstrate this because

---

*Mission: To serve justice in Illinois and increase public safety by promoting positive change in offender behavior, operating successful reentry programs, and reducing victimization.*
*www.illinois.gov/idoc*

25cv50223 Hackett v Fraley 005217

**25cv50223 Hackett v Fraley 005218**

**Fraley, Matthew – Grievance # 572312**

the only narrative they have is that provided in the investigation giving a timeline of the video covering only the wing area of Cobbins cell.

Mr. Fanti provided that it is their opinion that the investigation is incomplete as it failed to address key points. The Union's version of the timeline provides that on the date of the incident, Fraley had just arrived on his assignment at 3:00pm at which time he began count as dictated by procedures; noting that on the date of this incident, Fraley was the only person assigned to the Special Treatment Unit and that all individuals in custody housed in that Unit are seriously mentally ill and that it is a hard building to work. As stated in the investigation timeline, Fraley is seen at Cobbins cell at 3:06pm. Fanti stated that the investigation does not mention that Fraley's count was off by one individual in custody and accordingly his priority is to find the missing individual and clear count [implying that clearing count is priority over wing checks]. The Union questions why there is no footage of the North end of Housing Unit 43. It is their belief that this missing footage would show Fraley on the floor dealing with the count issue. Furthermore, the other officer in the Unit (Control) wasn't interviewed by the investigator (Fraley identifies this person as CO Smith). Fanti additionally provided that once count was cleared, meal trays arrived, and Fraley began passing them at which time he discovered Cobbins.

Mr. Fanti noted that there was only a 10-minute window (based on the timeline provided in the investigation) between the time Fraley was seen moving in his cell to the time found by Fraley is on one (a singular) camera. The investigation doesn't identify Fraley's location at 3:30pm or that even if Fraley had been at the cell front at 3:30pm that Cobbins actions and subsequent death didn't occur until between 3:46pm to 3:56pm thereby reiterating there was nothing that Fraley could have done to prevent Cobbins death and that it should be considered that Cobbins had been on a watch every month for the past six (6) months and that he shouldn't have been on Housing Unit 43.

Lieutenant Dallas Theilen was then brought onto the Webex and as questioned by Mr. Fanti. Theilen provided that on the date of and approximately around the recorded time of this incident, he was conducting rounds when he was notified of the count issue.  Being questioned by Mr. Fanti, Theilen specifically stated that he was already in route to Housing Unit 43 to assist with clearing count when Fraley called a code 3 and when he entered the building, he reported to the code cell. When asked where Fraley was at that time, Theilen stated that when he entered the building [HU43] Fraley was on the North side [Cobbins' cell was on the South side]. After the incident, Theilen stated that he told Fraley to report to the Control room, make sure his paperwork is in order and to take a break. Mr. Fanti stated that given the circumstances, Fraley didn't even have time to fill out the log and that there is no way he could have handled the situation differently.

The Union asks that Correctional Officer Matthew Fraley returned to work immediately with full backpay.  Mr. Fanti stated that Fraley's conduct warrants a written reprimand at most.

**Conclusion:**
After hearing the testimony of the Union regarding this incident, I requested from the facility confirmation of a miscount on the date of this incident.  Although Dixon management was able to confirm there was an issue with the 3:15pm count on 8/3/2023 as it didn't clear until 4:55pm (documented on the shift report), they were not able to confirm that the issue was in Housing Unit 43.

In response to the Union's opinion that the investigation was incomplete, I find it concerning that Fraley did not, in his incident report authored the day of the incident or during his interview with Internal Affairs, make it known that there were issues with count. Furthermore, no one interviewed by Internal Affairs made any mention of that being a potential contributing factor. Additionally, there is contradiction in the testimony provided by the parties during the grievance hearing. The timeline provided by the Union indicated after count cleared, Fraley began passing meal trays when he found Cobbins and called the code 3 (3:56pm). The Union's witness (Lt. Theilen) stated he was in route to assist with clearing count when the code 3 was called and that he immediately reported to the incident cell.  However, when asked by Mr. Fanti where Fraley was when he (Theilen) entered the building, he (Theilen) stated that Fraley was in the North Wing of Housing Unit 43.  CO Fraley had to be in the south wing at the incident cell to have called the code and yet count wasn't cleared until 4:55pm almost an hour after Individual Cobbins was found.

**25cv50223 Hackett v Fraley 005218**

**25cv50223 Hackett v Fraley 005219**

**Fraley, Matthew – Grievance # 572312**

After consideration of the investigation, documentation and testimony of the witness and Union on behalf of CO Fraley, I am of the opinion that sufficient evidence has not been provided to indicate that CO Fraley's actions did not contribute to the incident. As such, his actions on the date of this incident put into question his ability to perform the duties of his position in a professional manner that will not jeopardize the safety and security of the facility, staff and individuals in custody.

Due to the nature of his actions and after full consideration it has been determined that the grievance is hereby denied at third level and the discharge shall stand.

Echo Beekman
Digitally signed by Echo Beekman
Date: 2024.06.28 17:36:33 -05'00'

Echo Beekman
Labor Relations Specialist

Cc:     Stephanie Franklin, IDOC Chief of Labor Relations
         Andrea Tack, Warden Dixon Correctional Center
         Rob Fanti, AFSCME Council 31
         File

**25cv50223 Hackett v Fraley 005219**