**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**WESTERN DIVISION**

| | | |
|---|---|---|
| Otis Hackett, | ) | |
| | ) | |
| Plaintiff, | ) | No. 25-cv-50223 |
| | ) | |
| | ) | Honorable Rebecca R. Pallmeyer |
| v. | ) | |
| | ) | |
| Matthew Fraley *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

Defendants, Brandon Eisenberg and Matthew Fraley, through their counsel, Kwame Raoul, Illinois Attorney General, hereby move this Court to enter summary judgment in their favor under Federal Rule of Civil Procedure 56, and in support thereof state the following:

1. On May 21, 2025, the Plaintiff, Otis Hackett, commenced this action under 42 U.S.C § 1983 alleging that Defendants Brandon Eisenberg and Matthew Fraley violated the Eighth Amendment because they were deliberately indifferent to the medical and mental health needs of Decedent, Robert Cobbins, specifically for failing to prevent Mr. Cobbins' suicide. ECF No. 1.

2. Defendant Fraley is entitled to judgment as a matter of law because there is no genuine dispute of fact that Defendant Fraley was not subjectively aware of a strong likelihood that Mr. Cobbins would seriously harm himself. *Sanville v. McCaughtry*, 266 F.3d 724, 737 (7th Cir. 2001) (citing *Estate of Novack ex rel. Turbin v. County of Wood*, 226 F.3d 525, 529 (7th Cir. 2000)). No reasonable jury could find that Defendant Fraley consciously failed to take reasonable measures to prevent Mr. Cobbins' suicide for he was searching for a missing individual in custody while Mr. Cobbins committed suicide. *Rosario v. Brawn*, 670 F.3d 816, 821 (7th Cir. 2012). No reasonably jury could find that Defendant Fraley's actions or inaction caused Mr. Cobbins' suicide.

*Delapaz v. Richardson*, 643 F.3d 895, 899 (7th Cir. 2011) (citing *Vance v. Peters*, 97 F.3d 987, 991 (7th Cir. 1996)). Even if the Plaintiff could provide evidence to support any of these issues, Defendant Fraley is entitled to summary judgment under qualified immunity, for no reasonable officer in Defendant Fraley's situation would have known that these actions would violate an individual in custody's rights. *Mullenix v. Lune*, 577 U.S. 7, 11 (2015); *White v. Pauly*, 580 U.S. 73, 79 (2017).

3. Defendant Eisenberg is entitled to judgment as a matter of law because there is no genuine dispute of fact that Defendant Eisenberg was not subjectively aware of a strong likelihood that Mr. Cobbins would imminently harm himself or commit suicide. *Sanville*, 266 F.3d at 737.

WHEREFORE, for the above and foregoing reasons, Defendants Eisenberg and Fraley pray that this Court find there is no genuine issue of material fact and that Defendants Eisenberg and Fraley are entitled to judgment as a matter of law, and to dismiss this case.

Dated: November 16, 2026

Respectfully submitted,

*/s/ Thomas Pietryla*__________

**KWAME RAOUL**
Attorney General of Illinois

Thomas Pietryla
Assistant Attorney General
Government Representation Division
Office of the Illinois Attorney General
115 S. LaSalle St.
Chicago, Illinois 60603
(217) 720-9690
thomas.pietryla@ilag.gov